UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
In re:

67-03 Realty Corp.

                                         Debtor
------------------------------------------------X

Chapter 11

Case No.
109-46950-ess

NOTICE OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY AND
AFFIRMATION IN SUPPORT OF MOTION

    PLEASE TAKE NOTICE that upon the annexed affirmation of Allan B. Mendelsohn a motion pursuant to 11 U.S.C. Sections 362(d)(1) and (d)(2) will be made as set forth below:

| | |
|---|---|
| JUDGE: | Elizabeth S. Stong |
| RETURN DATE AND TIME: | September 24, 2009 at 11:00 AM |
| PLACE: | U.S. Bankruptcy Court<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 |
| RELIEF REQUESTED: | An order granting applicant relief from the automatic stay to permit it to proceed with its foreclosure action; awarding applicant reasonable counsel fees and costs, and for such other relief as this Court deems just. |
| BASIS FOR RELIEF REQUESTED: | 1) There is cause to lift the stay. |

Dated:   Syosset, New York
         August 21, 2009

_____
ALLAN B. MENDELSOHN
ZAVATSKY, MENDELSOHN & LEVY, LLP
Attorneys for Bayville Realty Corp.
P.O. Box 510, 33 Queens Street
Syosset, New York 11791-0510
(516) 921-1200

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

In Re:                                             Chapter 11

67-03 Realty Corp.                        Case No.
                                                             109-46950-ess
                               Debtor.

------------------------------------------------------X

        ALLAN B. MENDELSOHN, the undersigned, an attorney duly admitted to practice before this Court, affirms the following under penalty of perjury:

        1. I am a member of the firm of Zavatsky, Mendelsohn & Levy, LLP, the attorneys for Bayville Realty Corp. ("Bayville"), the owner and holder of a second mortgage and judgment of foreclosure and sale against the debtor's real property, located at, and known as and by, 6703 Roosevelt Avenue, Woodside, NY. I am fully familiar with the facts and circumstances set forth herein.

        2. This affirmation is submitted in support of the instant motion by Bayville, pursuant to Sections 361(d)(1) and (d)(2) of the Bankruptcy Code, seeking relief from the automatic stay alternatively for cause shown, as well as for the fact that the debtor lacks any equity in the premises, and the premises is not necessary to any reorganization, which is either prospective or likely. For the reasons more fully set forth herein, the instant motion must be granted.

        3. At the outset, your affirmant notes that this is not the first bankruptcy filing by 67-03 Realty Corp. Upon information and belief, a prior Chapter 11 commenced by this debtor was dismissed.

        4. Bayville is listed in the bankruptcy petition as a creditor in the amount of $146,775.41. Unfortunately, the debtor made no effort, prior to the filing of the bankruptcy petition to ascertain the sums due and owing to Bayville, which are a matter of public record, by virtue of the judgment of foreclosure and sale entered in the Supreme Court, Queens County on May 14, 2009. With interest on the judgment, taxes, attorneys fees and other costs recoverable pursuant to the judgment, there is in excess of $190,000.00 currently due and owing to Bayville. Thus, the debtor's calculation of the amounts due Bayville was off by approximately $50,000.00.

5. In addition to the second mortgage lien held by Bayville, there is a superior lien for unpaid real estate taxes in the approximate amount of $12,000.00, and upon information and belief there are open water and sewer taxes, which the debtor has also failed to pay.

6. The debtor has listed in it's Schedule D, an obligation to the first mortgagee, Copperfield Investments in the amount of $490,000.00. According to the summons and complaint served by Copperfield Investments on Bayville, approximately one and a half years ago, the first mortgagee was owed an unpaid principal balance of approximately $452,000.00, and interest was accruing at approximately 7% per annum, with interest due for the date of February, 2007 forward. Thus, with nearly two and a half years of interest, at nearly $30,000.00 per year there is well in excess of $500,000.00 due and owing to Copperfield Investments on it's first mortgage lien.

7. If the debtor's petition, schedules and statements of financial affairs are to be believed, the debtor has no cash on hand; no checking or other bank accounts; no security deposits; no insurance policies; no accounts receivable; no debts owed to the debtor, and with the exception of a vague entry for "books and records", the debtor has no assets whatsoever.

8. Upon information and belief, the subject premises is a multi-family property which generates rental income. Any and all rental income is cash collateral, which is subject to the provisions of Section 363 of the Bankruptcy Code. Our client has never been requested to consent to the use of the cash collateral, and does not consent to the debtor's use of cash collateral for any purpose whatsoever.

9. There is no entry on the docket for any request being made for the use of cash collateral, representing rental income for the premises.

10. Given the assignment of rents clause in the mortgage, any rental income is cash collateral, and subject to the rights of both the first mortgagee and Bayville, so the only thing the debtor would be permitted to do with such cash collateral, would be to segregate it in an escrow account for the benefit of the mortgagees. Since the debtor has no bank accounts, according to it's schedules, one queries where any such rental income has been placed. Moreover, given the fact that the debtor has no insurance whatsoever, it is respectfully submitted, that in and of itself is cause pursuant to Section 362(d)(1) of the Bankruptcy Code, to vacate the automatic stay, and permit Bayville to enforce it's judgment of foreclosure and sale.

11. Additional cause exists to permit Bayville to enforce it's judgment of foreclosure and sale, in that adding the amounts due to taxing authorities, to the amounts due Copperfield Investments under its first mortgage lien, and adding to that, the amount due to Bayville on it's second mortgage lien, there is virtually no equity cushion there to adequately protect Bayville from diminution of it's position during the pendency of this second bankruptcy case. Moreover, since the debtor has no bank accounts, the debtor has no funds on hand, to make any adequate protection payments to Bayville, to adequately protect their interest during the pendency of this case.

12. This case, like the last, should not be used to simply forestall the inevitable foreclosure action, and to permit the debtor to divert rental income from the subject premises to the use of unknown parties. It is clear, that the debtor has no books and records to establish any financial transactions, in light of the fact that the debtor has no bank accounts. Moreover, the lack of insurance, and the fact that the debtor has not paid it's real property taxes, not only suggests, but rather mandates, that this Court find cause to terminate the automatic stay, and permit Bayville to proceed with it's foreclosure action.

WHEREFORE, your affirmant, as the attorney for Bayville, respectfully requests that an order be entered herein terminating the automatic stay for cause shown; and for such other, further and different relief as to this Court seems just and proper.

Dated: Syosset, New York
August 21, 2009

_____
ALLAN B. MENDELSOHN
ZAVATSKY, MENDELSOHN & LEVY, LLP
P.O. Box 510
33 Queens Street
Syosset, New York 11791-0510
(516) 921-1200

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

In Re:                                           Chapter 11

67-03 Realty Corp.                               Case No.
                                                 109-46950-ess
                        Debtor(s).

------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

    The undersigned, residing at the address set forth below, being duly sworn, deposes and says: that deponent is not a party to this action, and is over the age of eighteen (18) years.

    That on the date this affidavit was sworn to, deponent served a copy of the within Notice of Motion and Affirmation upon

67-03 Realty Corp., 67-03 Roosevelt Avenue, Woodside, NY 11377

Vincent M. Lentini, 600 Old Country Road, Suite 202, Garden City, NY 11530

Diana G. Adams, Esq., Office of the Unted States Trustee, 271 Cadman Plaza East, Suite 4529, Brooklyn, NY 11201


AND ALL CREDITORS AND PARTIES IN INTEREST (See Attached List)

the address(es) designated for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, first class mail, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Sharon Brown
Bellmore, NY

Sworn to before me this
27 Day of August, 2009

_____
Notary Public

ALLAN B. MENDELSOHN
Notary Public, State of New York
No. 02ME47...03
Qualified in Nassau County
Commission Expires January 31, 20 10

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0207-1<br>Case 1-09-46950-ess<br>Eastern District of New York<br>Brooklyn<br>Wed Aug 19 14:58:46 EDT 2009 | 67-03 Realty Corp.<br>67-03 Roosevelt Avenue<br>Woodside, NY 11377-2923 | 271 Cadman Plaza East, Suite 1595<br>Brooklyn, NY 11201-1820 |
| Bayville Realty Corp.<br>42-02 Broadway<br>Astoria NY 11103-2706 | Cooperfield Investments LLC<br>c/o David Pauker<br>Goldenbock Eiseman et al<br>437 Maidson Avenue<br>New York, NY 10022-7020 | Melida Hernandez<br>67-03 Rooasevelt Avenue<br>Woodside NY 11377-2923 |
| NYC Dept Finance<br>Po Box 32<br>New York NY 10008-0032 | Steven J. Baum P.C.<br>220 Northpointe Pkwy<br>Ste G<br>Amherst NY 14228-1894 | Zavatsky Mendelsohn<br>33 Queens Street<br>Syosset NY 11791-3063 |
| Diana G. Adams<br>Office of the United States Trustee<br>271 Cadman Plaza East<br>Suite 4529<br>Brooklyn, NY 11201-1833 | Vincent M Lentini<br>600 Old Country Road-Ste 202<br>Garden City, NY 11530-2011 | End of Label Matrix<br>Mailable recipients    10<br>Bypassed recipients    0<br>Total                 10 |

Case No. 109-46950-ess
Chapter 11
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

67-03 Realty Corp.

Debtor

NOTICE OF MOTION FOR RELIEF FROM STAY,
AFFIRMATION IN SUPPORT OF MOTION,
AFFIDAVIT OF MAILING,
AND PROPOSED ORDER

ZAVATSKY, MENDELSOHN & LEVY, LLP
Attorneys for
Bayville Realty Corp.
P.O. Box 510
33 Queens Street
Syosset, New York 11791-0510
(516) 921-1200